# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BURVIN STEVENSON,

        Plaintiff,        CIVIL ACTION NO. 07-CV-14040-DT

vs.

                            DISTRICT JUDGE DENISE PAGE HOOD

GEORGE PRAMSTALLER,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** The Motion to Dismiss filed by Defendants Correctional Medical Services (CMS), Craig Hutchinson, and Rocco DeMasi (docket no. 32), and the Motion for Summary Judgment filed by Defendants Governor of Michigan, Patricia Caruso, John Does, and George Pramstaller (docket no. 33) should be **GRANTED**.

**II.    REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Governor of Michigan, Patricia Caruso, John Does (unknown board members of MSAC), and George Pramstaller (docket no. 33), and the Motion to Dismiss filed by Defendants CMS, Craig Hutchinson, and Rocco DeMasi (docket no. 32). Plaintiff has responded to both of these motions. (Docket nos. 48, 49). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 5). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

    **A.    Facts and Claims**

Plaintiff is a Michigan state prisoner. (Docket no. 8). He alleges that Defendants were deliberately indifferent to his serious medical need in violation of the Eighth and Fourteenth Amendments, violated his rights under the Americans with Disabilities Act (ADA), and violated his rights under the Rehabilitation Act. (*Id.*). Plaintiff names eleven Defendants who play some role in the administration of the prison health system. (*Id.*).

Plaintiff alleges that in March 2003 he was prescribed Hytrin for a prostate condition by medical officers at the Parnall Correctional Facility. (*Id.*). On or about April 2, 2003 Plaintiff sought medical attention because he was losing sight in his left eye. (*Id.*). He blames the medication Hytrin for the development of a cataract in his left eye. On April 24, 2003, Plaintiff alleges that a physician at the Parnall Facility diagnosed him as having a mature cataract. CMS physicians referred him for an ophthalmic evaluation and surgery to the Medical Services Advisory Committee (MSAC) on June 17, 2003. (*Id*). Permission for this surgery was denied by the MSAC. (*Id.*). Plaintiff alleges that this denial has caused him extreme suffering and many "psychological stressors." (*Id.*). Plaintiff seeks damages and declaratory and injunctive relief. (*Id.*).

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is

insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Dismissal under Rule 12(b)(6) for failure to state a claim for relief is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering such a motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

    **C.**     **Analysis**

        **1.**     **Motion for Summary Judgment**

Defendants contend that they are entitled to summary judgment because neither the ADA nor the RA are applicable to Plaintiff's claims. (Docket no. 33). They also argue that Plaintiff has not shown that they were deliberately indifferent to a serious medical need when Plaintiff's request for cataract surgery was denied. Finally, Defendants Granholm and Caruso argue that they are entitled to summary judgment because they did not have any personal involvement in the events about which Plaintiff complains.

Defendants rely primarily on the affidavit of Defendant Pramstaller who was the Chief Medical Officer of the MDOC at the time of the events complained of by Plaintiff. (Docket no. 34 ex. A). He states that he was the Chief Medical Officer and chairperson of the MSAC when the MSAC denied Plaintiff's request for cataract surgery. (*Id.*). Defendant Pramstaller further states that the information submitted to the MSAC "indicated that [Plaintiff] had a small mature cataract

in his left eye as a result of an injury to his left eye in 1989 which occurred between incarcerations in the MDOC." (*Id*.). Defendant Pramstaller further states that information documented Plaintiff's best corrected vision with both eyes as being 20/20 (normal). (*Id*.). Plaintiff's best corrected monocular vision (one eye) was 20/20 right eye and 20/100 left eye. (*Id*.). Documentation presented to the MSAC also indicated that Plaintiff's vision was stable and that his visual acuity had not changed between June 2002 and May 2003. (*Id*.). Defendant Pramstaller says that persons with vision of 20/20 in an eye and 20/100 in the other eye normally function well and have no problems in daily living. (*Id*.). The MSAC did not believe that removal of Plaintiff's cataract was medically necessary. (*Id*.). The MSAC is a panel of doctors. (*Id*.).

Defendant Pramstaller states that he chose not to override the MSAC's decision because there was no documentation that delaying Plaintiff's surgery would adversely affect Plaintiff's daily activities or the ability to have the procedure done at a later time. (*Id*.). Excerpts of Plaintiff's prison medical record pertaining to his cataract support Defendant Pramstaller's statements. (Docket no. 36). Plaintiff has not presented any evidence refuting this showing by Defendant Pramstaller and has not alleged that further discovery in this action would enable him to do so. (Docket no. 49; Fed. R. Civ. P. 56(f)).

Plaintiff has failed to create a genuine issue of material fact that his rights under the ADA or Rehabilitation Act have been violated. These Acts prohibit qualified individuals with a disability from being excluded from participation in or denied the benefit of services or programs of a public entity due to the disability, and from discrimination by a public entity. *See* 42 U.S.C. § 12131, 12132; 29 U.S.C. § 794. A prisoner such as Plaintiff who alleges that he is receiving incompetent treatment for a medical problem while in prison is not complaining of being excluded from a prison

service, program, or activity, or of discrimination because of his disability and, therefore, fails to state a claim under these Acts. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). Summary judgment should therefore be granted on Plaintiff's ADA and Rehabilitation Act claims.

Defendants have also shown that Plaintiff cannot create any genuine issue of material fact on the question of whether they were deliberately indifferent to a serious medical need of Plaintiff and shown that they are entitled to judgment as a matter of law. A claim of an Eighth Amendment violation by a prison official's deliberate indifference requires proof of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff must show that the prison official possessed a sufficiently culpable state of mind in denying medical care and that the medical need is sufficiently serious. (*Id.*). A disagreement between a physician and the prisoner regarding the course of treatment does not state a claim of deliberate indifference. *Hill v. Haviland*, 68 Fed. App'x 603, 604 (6th Cir. 2003). Defendants show that a panel of physicians reviewed Plaintiff's medical records and determined that cataract surgery was not medically necessary. Plaintiff's complaint is a disagreement over his course of treatment. He has failed to satisfy either prong of the deliberate indifference test. Summary judgment is appropriate on Plaintiff's Eighth Amendment claim.

The Motion for Summary Judgment filed by Defendants Governor of Michigan, Patricia Caruso, John Does, and George Pramstaller should be granted, and they should be dismissed from this action.

### 2. Motion to Dismiss

Defendants CMS, Dr. Hutchinson, and Dr. DeMasi move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6). They argue that Plaintiff has failed to exhaust his

administrative remedies against them, that no deliberate indifference has been shown, that CMS is not liable because no unconstitutional policy or custom has been shown, and that the statute of limitation bars Plaintiff's claims. (Docket no. 32). This Court finds that only the argument that no deliberate indifference has been shown need be addressed.

The same standard for showing deliberate indifference set out above applies for these Defendants. *See Farmer v. Brennan*, 511 U.S. at 834. In his Amended Complaint Plaintiff fails to allege any specific facts against Defendants Hutchinson and DeMasi. (Docket no. 8). Defendant Hutchinson is alleged to be the Senior Regional Medical Director of CMS. (*Id.*). Defendant DeMasi's position is not stated, but his address indicates that he is in some supervisory position rather than a line physician at the Parnall Facility. (*Id.*). The preceding discussion shows that it was the panel of doctors making up the MSAC that denied the surgery that Plaintiff believes should have been performed. There is no indication that either of these physicians were on that panel. Even if they were, the preceding discussion shows that the panel's action did not violate Plaintiff's Eighth Amendment rights.

In addition, also based on the discussion above, Plaintiff fails to state a claim under the ADA or Rehabilitation Act against these Defendants. *See Bryant*, 84 F.3d at 249. Finally, Plaintiff fails to allege any specific facts to support his claim that CMS is liable due to an unconstitutional policy or custom. *See Broyles v. Correctional Medical Servs., Inc.*, 2008 WL 1745554, slip copy at *7 (W. D. Mich. Apr. 14, 2008) (vague allegations of policy or custom fail to state a claim against CMS). Accordingly, the Motion to Dismiss filed by Defendants CMS, Dr. Hutchinson, and Dr. DeMasi should be granted, and they should be dismissed as Defendants.

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 02, 2008         s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

       I hereby certify that a copy of this Report and Recommendation was served upon Burvin Stevenson and Counsel of Record on this date.

Dated: October 02, 2008                 s/ Lisa C. Bartlett
                                                 Courtroom Deputy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURVIN STEVENSON,

       Plaintiff,            CIVIL ACTION NO. 07-CV-14040-DT

vs.

                                      DISTRICT JUDGE DENISE PAGE HOOD

GEORGE PRAMSTALLER,     MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**    The Motion to Dismiss filed by Defendants Correctional Medical Services (CMS), Craig Hutchinson, and Rocco DeMasi (docket no. 32), and the Motion for Summary Judgment filed by Defendants Governor of Michigan, Patricia Caruso, John Does, and George Pramstaller (docket no. 33) should be **GRANTED**.

**II.**    **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Governor of Michigan, Patricia Caruso, John Does (unknown board members of MSAC), and George Pramstaller (docket no. 33), and the Motion to Dismiss filed by Defendants CMS, Craig Hutchinson, and Rocco DeMasi (docket no. 32). Plaintiff has responded to both of these motions. (Docket nos. 48, 49). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 5). The Court dispenses with oral argument on these motions. E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

   **A.**    **Facts and Claims**

Plaintiff is a Michigan state prisoner. (Docket no. 8). He alleges that Defendants were deliberately indifferent to his serious medical need in violation of the Eighth and Fourteenth Amendments, violated his rights under the Americans with Disabilities Act (ADA), and violated his rights under the Rehabilitation Act. (*Id*.). Plaintiff names eleven Defendants who play some role in the administration of the prison health system. (*Id*.).

Plaintiff alleges that in March 2003 he was prescribed Hytrin for a prostate condition by medical officers at the Parnall Correctional Facility. (*Id*.). On or about April 2, 2003 Plaintiff sought medical attention because he was losing sight in his left eye. (*Id*.). He blames the medication Hytrin for the development of a cataract in his left eye. On April 24, 2003, Plaintiff alleges that a physician at the Parnall Facility diagnosed him as having a mature cataract. CMS physicians referred him for an ophthalmic evaluation and surgery to the Medical Services Advisory Committee (MSAC) on June 17, 2003. (*Id*). Permission for this surgery was denied by the MSAC. (*Id*.). Plaintiff alleges that this denial has caused him extreme suffering and many "psychological stressors." (*Id*.). Plaintiff seeks damages and declaratory and injunctive relief. (*Id*.).

**B.     Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is

insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Dismissal under Rule 12(b)(6) for failure to state a claim for relief is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering such a motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

    C.    **Analysis**

        1.    **Motion for Summary Judgment**

Defendants contend that they are entitled to summary judgment because neither the ADA nor the RA are applicable to Plaintiff's claims. (Docket no. 33). They also argue that Plaintiff has not shown that they were deliberately indifferent to a serious medical need when Plaintiff's request for cataract surgery was denied. Finally, Defendants Granholm and Caruso argue that they are entitled to summary judgment because they did not have any personal involvement in the events about which Plaintiff complains.

Defendants rely primarily on the affidavit of Defendant Pramstaller who was the Chief Medical Officer of the MDOC at the time of the events complained of by Plaintiff. (Docket no. 34 ex. A). He states that he was the Chief Medical Officer and chairperson of the MSAC when the MSAC denied Plaintiff's request for cataract surgery. (*Id.*). Defendant Pramstaller further states that the information submitted to the MSAC "indicated that [Plaintiff] had a small mature cataract

in his left eye as a result of an injury to his left eye in 1989 which occurred between incarcerations in the MDOC." (*Id.*). Defendant Pramstaller further states that information documented Plaintiff's best corrected vision with both eyes as being 20/20 (normal). (*Id.*). Plaintiff's best corrected monocular vision (one eye) was 20/20 right eye and 20/100 left eye. (*Id.*). Documentation presented to the MSAC also indicated that Plaintiff's vision was stable and that his visual acuity had not changed between June 2002 and May 2003. (*Id.*). Defendant Pramstaller says that persons with vision of 20/20 in an eye and 20/100 in the other eye normally function well and have no problems in daily living. (*Id.*). The MSAC did not believe that removal of Plaintiff's cataract was medically necessary. (*Id.*). The MSAC is a panel of doctors. (*Id.*).

Defendant Pramstaller states that he chose not to override the MSAC's decision because there was no documentation that delaying Plaintiff's surgery would adversely affect Plaintiff's daily activities or the ability to have the procedure done at a later time. (*Id.*). Excerpts of Plaintiff's prison medical record pertaining to his cataract support Defendant Pramstaller's statements. (Docket no. 36). Plaintiff has not presented any evidence refuting this showing by Defendant Pramstaller and has not alleged that further discovery in this action would enable him to do so. (Docket no. 49; Fed. R. Civ. P. 56(f)).

Plaintiff has failed to create a genuine issue of material fact that his rights under the ADA or Rehabilitation Act have been violated. These Acts prohibit qualified individuals with a disability from being excluded from participation in or denied the benefit of services or programs of a public entity due to the disability, and from discrimination by a public entity. *See* 42 U.S.C. § 12131, 12132; 29 U.S.C. § 794. A prisoner such as Plaintiff who alleges that he is receiving incompetent treatment for a medical problem while in prison is not complaining of being excluded from a prison

service, program, or activity, or of discrimination because of his disability and, therefore, fails to state a claim under these Acts. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). Summary judgment should therefore be granted on Plaintiff's ADA and Rehabilitation Act claims.

Defendants have also shown that Plaintiff cannot create any genuine issue of material fact on the question of whether they were deliberately indifferent to a serious medical need of Plaintiff and shown that they are entitled to judgment as a matter of law. A claim of an Eighth Amendment violation by a prison official's deliberate indifference requires proof of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff must show that the prison official possessed a sufficiently culpable state of mind in denying medical care and that the medical need is sufficiently serious. (*Id.*). A disagreement between a physician and the prisoner regarding the course of treatment does not state a claim of deliberate indifference. *Hill v. Haviland*, 68 Fed. App'x 603, 604 (6th Cir. 2003). Defendants show that a panel of physicians reviewed Plaintiff's medical records and determined that cataract surgery was not medically necessary. Plaintiff's complaint is a disagreement over his course of treatment. He has failed to satisfy either prong of the deliberate indifference test. Summary judgment is appropriate on Plaintiff's Eighth Amendment claim.

The Motion for Summary Judgment filed by Defendants Governor of Michigan, Patricia Caruso, John Does, and George Pramstaller should be granted, and they should be dismissed from this action.

### 2. Motion to Dismiss

Defendants CMS, Dr. Hutchinson, and Dr. DeMasi move to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6). They argue that Plaintiff has failed to exhaust his

-5-

administrative remedies against them, that no deliberate indifference has been shown, that CMS is not liable because no unconstitutional policy or custom has been shown, and that the statute of limitation bars Plaintiff's claims. (Docket no. 32). This Court finds that only the argument that no deliberate indifference has been shown need be addressed.

The same standard for showing deliberate indifference set out above applies for these Defendants. *See Farmer v. Brennan*, 511 U.S. at 834. In his Amended Complaint Plaintiff fails to allege any specific facts against Defendants Hutchinson and DeMasi. (Docket no. 8). Defendant Hutchinson is alleged to be the Senior Regional Medical Director of CMS. (*Id.*). Defendant DeMasi's position is not stated, but his address indicates that he is in some supervisory position rather than a line physician at the Parnall Facility. (*Id.*). The preceding discussion shows that it was the panel of doctors making up the MSAC that denied the surgery that Plaintiff believes should have been performed. There is no indication that either of these physicians were on that panel. Even if they were, the preceding discussion shows that the panel's action did not violate Plaintiff's Eighth Amendment rights.

In addition, also based on the discussion above, Plaintiff fails to state a claim under the ADA or Rehabilitation Act against these Defendants. *See Bryant*, 84 F.3d at 249. Finally, Plaintiff fails to allege any specific facts to support his claim that CMS is liable due to an unconstitutional policy or custom. *See Broyles v. Correctional Medical Servs., Inc.*, 2008 WL 1745554, slip copy at *7 (W. D. Mich. Apr. 14, 2008) (vague allegations of policy or custom fail to state a claim against CMS). Accordingly, the Motion to Dismiss filed by Defendants CMS, Dr. Hutchinson, and Dr. DeMasi should be granted, and they should be dismissed as Defendants.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 02, 2008　　　　　　　　s/ Mona K. Majzoub
　　　　　　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Burvin Stevenson and Counsel of Record on this date.

Dated: October 02, 2008                    s/ Lisa C. Bartlett
                                                       Courtroom Deputy