UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURVIN STEVENSON,

        Plaintiff,                             Case No. 07-cv-14040

v.                                                  Hon. Denise Page Hood

GEORGE PRAMSTALLER,
CRAIG HUTCHINSON, ROCCO DEMASI,
WILLIAM BORGERDING, MARK VENTOCILLA
TERRY MALLOY, GOVERNOR OF MICHIGAN,
PATRICIA CARUSO, MDOC BUREAU OF HEALTH
SERVICES, UNKNOWN BOARD MEMBERS OF MSAC
and CORRECTIONAL MEDICAL SERVICES, INC.,

        Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS AND DISMISSING ALL CLAIMS

### I. INTRODUCTION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Reports and Recommendations ("R&R") **[Docket Nos. 51 and 60]**. The first R&R, filed on October 2, 2008 **[Docket No. 51]**, recommends granting Defendants Correctional Medical Services, Inc. ("CMS"), Dr. Craig Hutchinson, and Dr. Rocco DeMasi's Motion to Dismiss **[Docket No. 32, filed July 17, 2008]**. The first R&R also recommends granting Defendants George Pramstaller, Jennifer Granholm, Patricia Caruso, and Medical Services Advisory Committee's ("MSAC") Motion for Summary Judgment **[Docket No. 33, filed July 18, 2008]**. On October 17, 2008, Plaintiff filed an Objection **[Docket No. 54]** to the first R&R.

The second R&R, filed on December 18, 2008 **[Docket No. 60]**, recommends that the remaining Defendants: William Borgerding, Mark Ventocilla, Terry Malloy, and MDOC Bureau

of Health Care Services be dismissed without prejudice for failure to effect proper service. To date, neither party has filed an objection to the second R&R and time to do so has expired.

## II.    STATEMENT OF FACTS

Plaintiff filed this *pro se* action on August 25, 2007. At the time of the events described in the Complaint, Plaintiff was incarcerated at the Michigan Department of Correction's ("MDOC") Parnell Correctional Facility in Jackson, Michigan.[1] In sum, Plaintiff alleges that the Defendants' failure to treat a hyper cataract in his left eye amounted to deliberate indifference of a serious medical need in violation of the Eighth Amendment. As a result, Plaintiff claims that he has suffered from psychological symptoms, including fear, anger, anxiety, and emotional suffering, as well as, an increased risk of injury due to the resulting lack of peripheral vision, and depth perception. The Plaintiff also claims that he was discriminated against in violation of Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 1213 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

Liberally construing the Complaint, and the documents attached, it appears that Plaintiff first requested the aid of an eye specialist on April 2, 2003, as he was losing vision in his left eye. (Complaint, "Factual Basis for Claim" section). Plaintiff claims that he was initially diagnosed on April 24, 2003, as having a "Hyper Cataract" in his left eye, which if left untreated could cause him to go blind. (*Id.*). Plaintiff traces his cataract condition to the Hytrin that was prescribed for the treatment of his prostate. (*Id.*). As a result, Plaintiff instituted a number of health kites, grievances, and correspondence, all related to receiving the aid of a specialist for the removal of his cataract. (*Id.*). According to Plaintiff, the eleven named Defendants either

---

[1] Plaintiff has completed his prison sentence, and is no longer housed at this facility.

knowingly refused to provide medical treatment, or knowingly refused to investigate Plaintiff's requests for treatment. (*Id.* at "Defendants Unconstitutional Action" section)  In particular, Plaintiff takes issue with the Medical Services Advisory Committee's ("MSAC") decision to deny his referral for ophthalmic evaluation and surgery. (*Id.* at "Factual Basis for Claim" section).  Plaintiff seeks damages and declaratory and injunctive relief. (*Id.*)

## III. STANDARDS OF REVIEW

### A. Report and Recommendation

The standard for review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*

### B. Rule 12(b)(6) Dismissal & Rule 56(b) Summary Judgment

Dismissal is appropriate under the Federal Rules of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought.  *Conley v. Gibson*, 355 U.S. 41, 45- 46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). When ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas,* 537 F.3d 857, 858 (6th Cir. 1976).

Summary Judgment is appropriate where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Convington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met is burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exist for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported for motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

   C. ***Pro Se* Standards of Review**

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

**IV.** **LAW & ANALYSIS**

   **A.** **October 2, 2008 Report & Recommendation**

The October 2, 2008 R&R recommends granting all of the Defendants' pending dispositive motions. As it relates to Defendants Granholm, Caruso, Pramstaller, and unknown board members of MSAC ("State Defendants"), the Magistrate Judge found that Plaintiff failed

4

to create a genuine issue of material fact that his rights under the ADA or the Rehabilitation Act have been violated.  In so finding, the Magistrate Judge reasoned that the Plaintiff has not alleged that he is being excluded from a prison program, service, or activity, or of discrimination because of his disability, which is actionable under the ADA or Rehabilitation Act; but rather his claim is based on incompetent treatment for a medical condition.  The Magistrate Judge also concluded that Plaintiff is incapable of demonstrating a genuine issue of material fact with regard to his deliberate indifference claim under the Eighth Amendment.  In particular, Plaintiff failed to demonstrate a sufficiently culpable state of mind in the Defendants as their decision was based on the MSAC medical determination that the subject cataract surgery was not medically necessary.  In reference to Defendants CMS, Dr. Hutchinson, and Dr. DeMasi ("CMS Defendants"), the Magistrate Judge also recommended granting the Motion to Dismiss because the Plaintiff is equally unable to demonstrate a claim of deliberate indifference against these Defendants.  The Magistrate Judge also urges this Court to dismiss the CMS Defendants because Plaintiff failed to allege any specific facts to support his claim that CMS is liable based an unconstitutional policy or custom.

It appears, based on a liberal construction of the Objection, that Plaintiff opposes three portions of the October 2, 2008 R&R.  First, much of Plaintiff's Objection is dedicated to arguing that the loss of vision in his left eye qualifies as a disability under the ADA.  Secondly, Plaintiff contends that the Magistrate Judge erroneously relied on the affidavit of George Pramstaller, as it "provides no documentation to refute plaintiffs complaint of blindness nor why the recommended diagnosis wasn't followed [through]."  (Plaintiff's Objection to Oct. 2, 2008 R&R, p. 3).  More specifically, Plaintiff challenges the following factual averments in the

5

affidavit: (1) the cataract was the result of an injury Plaintiff received in 1989; (2) that his vision was stable for nearly a year; and (3) that his cataract removal surgery was not medically necessary because the patient could attend to his activities of daily living.  Finally, Plaintiff maintains that MSAC's decision to deny Plaintiff's cataract removal surgery demonstrates a sufficiently culpable state of mind in order to establish a deliberate indifference claim under the Eighth Amendment.

                1.       ADA & Rehabilitation Act Claims

This Court accepts and adopts the October 2, 2008 R&R as it relates to Plaintiff's ADA and Rehabilitation Act claims.  Plaintiff's objection is without merit as Plaintiff has failed to allege the  elements necessary to state a viable claim under the ADA or the Rehabilitation Act. The Americans with Disabilities Act was enacted in order to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1).  As Plaintiff correctly notes, "A person is disabled under the ADA if he or she has 'a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [has] a record of impairment; or [is] regarded as having such an impairment." *Tucker v. Tennessee*, 539 F.3d 526, 531-32 (6th Cir. 2008) (citing 42 U.S.C. § 12102(2)(A)-(C)).  Plaintiff's claim falls under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132. The Supreme Court has conclusively settled that the protections of Title II of the ADA and the Rehabilitation

Act[2] extend to inmates in state prisons. *See Pennyslvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998). In order to make a prima facie showing of discrimination in violation of the ADA, a plaintiff must prove that he or she: (1) has a disability; (2) is otherwise qualified; and (3) is being excluded from participation in, being denied benefits of, or being subjected to discrimination under, the program solely because of the plaintiff's disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003).

In the case at bar, Plaintiff's Complaint does not allege any facts that would give rise to a claim under the ADA or Rehabilitation Act. Rather, both his Objection and Complaint only argue the initial element, namely that he was disabled. However, even accepting that Plaintiff is disabled for the purposes of the ADA, Plaintiff still fails to demonstrate, and the Court is unable to ascertain, how the instant facts support the second two elements necessary to make a prima facie showing of an ADA violation. It appears that Plaintiff conflates his deliberate indifference claim with the ADA and Rehabilitation Act claims, as all of his arguments center on the Defendants' determination that a cataract surgery was not medically necessary. *See Baldridge-El v. Gundy*, 238 F.3d 419, at *2 (6th Cir. Nov. 8, 2000) (table)("Baldridge-El's claims against Wexford defendants fail because neither the RA nor the ADA provide a cause of action for medical malpractice.").

    2.    <u>Challenged Affidavit</u>

Plaintiff's second objection is equally without merit. Plaintiff takes issue with the

---

[2] "Because the standards under both of the acts are largely the same, cases construing one statute are instructive in construing the other." *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir. 1997).

Magistrate Judge's reliance on the affidavit of Defendant George Pramstaller. This Court finds that none of the challenged factual averments creates a triable question of material fact. *Anderson*, 477 U.S. at 248 ("Factual disputes that are irrelevant or unnecessary will not be counted"). When reviewing the record the Court is cognizant of the fact that certain verified complaints can carry "the same weight as would an affidavit for the purposes of summary judgment." *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (explaining that where a party files a verified complaint, the allegations contained therein "have the same force and effect as an affidavit for purposes of responding to a motion for summary judgment"); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) (concluding that a prisoner's signed complaint with a statement declaring the truth of the allegations under penalty of perjury was sufficient to place controverted facts into issue)). As a preliminary matter, the first of the three challenged assertions is not material to the instant claims. Plaintiff's challenge regarding the cause of the subject cataract will not impact the ultimate resolution of his deliberate indifference claim. The remaining two challenges – whether the surgery was medically necessary, and whether the medical documentation supports the fact that his eyesight was stable for over a year – go directly to the heart of Plaintiff's deliberate indifference claim. It is to the merits of this claim that the Court now turns.

        3.      <u>Deliberate Indifference Claim</u>

With regard to the Plaintiff's deliberate indifference claim, the Magistrate Judge found that the Plaintiff failed to present any evidence refuting the Defendants' reason for denying the Plaintiff's surgery – that there was no documentation that delaying Plaintiff's surgery would adversely affect Plaintiff's daily activities or his ability to have the procedure done at a later

time. In his final challenge, Plaintiff appears to argue that he has demonstrated a genuine issue of material fact with regard to his deliberate indifference claim. More specifically, Plaintiff's objection goes directly to the subjective prong of the deliberate indifference analysis:

> The fact that Defendants motivation to avoid the cost associated with fixing an ailment that limits a major life activity/function, when its your contractual duty to provide the primary care required to fix the problem, denotes a state of mind thats "subjectively reckless." Surely Defendants herein have and continue to recklessly disregard the risk of Plaintiff permanently losing eyesight.

(Pl.'s Objection to Oct. 2, 2008 R&R) (sic throughout). However, viewing the evidence in a light most favorable to the Plaintiff, this Court concludes that Plaintiff has failed to make a sufficient showing that Defendants were deliberately indifferent to his medical needs.

Under the Eighth Amendment, an inmate may bring a §1983 claim regarding his conditions of confinement only when he can show that there has been "deliberate indifference" to his "medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *see also Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 ("The Amendment [] imposes duties on these officials [to] ensure that inmates receive adequate food, clothing shelter, and medical care...") (quoting *Hudson v. Palmer*, 468 U.S. 517*,* 526-27 (1984)). The Supreme Court has established a two-part test, with both a subjective and objective prong, to determine whether a prisoner's right to adequate medical care has been violated. *Farmer*, 511 U.S. at 834. First, the deprivation alleged must be "sufficiently serious' [in that] a[n] ... official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities,'" *Id.* The second subjective prong requires plaintiff to show that police or jail physicians had a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Specifically, to satisfy the subjective prong, "the plaintiff

must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001).

The gravamen of Plaintiff's instant objection is that Defendants' refusal to approve his cataract surgery was motivated by cost savings, and as such demonstrates a "sufficiently culpable state of mind." This Court disagrees. As correctly noted by the Magistrate Judge, the Plaintiff has failed to rebut the evidence, provided by Defendants from Plaintiff's medical files, that indicates Defendants' decision was motivated by a medical finding that his eye condition was stable for almost a year. The record before the Court does not indicate that MSAC's denial of the request for cataract surgery constituted deliberate indifference. This subjective component requires the plaintiff to show that the defendant's conduct demonstrated a level of deliberateness "tantamount to an intent to punish." *See Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993). Such was not the case here, as the panel of physicians that form the MSAC reached a consensus, based on documentation accompanying the request for cataract surgery, that the surgery was not immediately necessary. Accordingly, this Court agrees with the Magistrate Judge that Plaintiff has failed to satisfy either prong of the deliberate indifference test. *See Samonte v. Bauman*, 264 Fed. Appx. 634, 635-36 (9th Cir. 2008) ("Samonte also claims that the significant delay prior to his eye surgeries, over two years from his initial complaint.... amounted to deliberate indifference ... Dr. Bauman's refusal to authorize cataract surgery after another doctor determined that such surgery was an option was a 'difference of medical opinion,' insufficient by itself to raise a triable issue of deliberate indifference."); *Dunville v. Morton*, 234 F.3d 1272, (7th

Cir. 2000); *but see Cambell v. Fry*, 896 F.2d 1366 (4th Cir. 1990).  For the reasons stated herein, the Court concludes that all of Plaintiff's objections lack merit, and accordingly accepts and adopts the October 2, 2008 Report and Recommendation.

      **B.**      **December 18, 2008 Report & Recommendation**

The December 18, 2008 R&R, filed on December 18, 2008 **[Docket No. 60]**, recommends that the remaining Defendants: William Borgerding, Mark Ventocilla, Terry Malloy, and MDOC Bureau of Health Care Services be dismissed without prejudice for failure to effect proper service.  To date, neither party has filed an objection to the second R&R and time to do so has expired.  The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

**V.**      **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the October 2, 2008 Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Docket No. 51]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law in addition to the reasons set forth above.

**IT IS FURTHER ORDERED** that Defendants Correctional Medical Services, Craig Hutchinson, and Rocco DeMasi's Motion to Dismiss **[Docket No. 32, filed July 17, 2008]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Governor of Michigan, Patricia Caruso, Unknown Board Members of MSAC, and George Pramstaller's Motion for Summary Judgment **[Docket No. 33, filed July 18, 2008]** is **GRANTED**.

**IT IS FURTHER ORDERED** that the December 18, 2008 Report and Recommendation

11

**[Docket No. 60]** of Magistrate Mona K. Majzoub is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

  **IT IS FURTHER ORDERED** that the remaining Defendants William Borgerding, Mark Ventocilla, Terry Malloy, and MDOC Bureau of Health Care Services are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) for failure to effect service.

  **IT IS FURTHER ORDERED** that Plaintiff's Complaint **[Docket No. 1, filed Sept. 25, 2007]** is **DISMISSED WITH PREJUDICE** as to Defendants Correctional Medical Services, Craig Hutchinson, Rocco DeMasi, Governor of Michigan, Patricia Caruso, Unknown Board Members of MSAC, and George Pramstaller. As to Defendants William Borgerding, Mark Ventocilla, Terry Malloy, and MDOC Bureau of Health Care Services the Complaint is **DISMISSED WITHOUT PREJUDICE**.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated: March 24, 2009

  I hereby certify that a copy of the foregoing document was served upon Burvin Stevenson, Reg. No. 164199, 1240 Amity St., Muskegon, MI 49442 and counsel of record on March 24, 2009, by electronic and/or ordinary mail.

          S/William F. Lewis
          Case Manager